JUSTICE GRAY,
dissenting.
¶21 While I agree with the Court’s conclusion that the District Court erred in remanding to the arbitrator in this case, I would approach that question somewhat differently. In addition, I respectfully dissent from the Court’s conclusion that the original arbitration award could not be vacated and, thereafter, amended to comply with the WDFEA.
¶22 It is clear that, on application by a party, a district court must vacate an arbitration award if — among other things — the arbitrator exceeded his powers. Section 27-5-312(l)(c), MCA. Thus, when the District Court was faced with LRC’s motion to vacate the original arbitration award pursuant to § 27-5-312(l)(c), MCA, the issue of whether the arbitrator exceeded his powers was squarely before it. Moreover, because nothing in the statute authorizes the court to remand such a motion to the arbitrator for decision, the District Court itself was compelled to rule on the motion. Indeed, § 27-5-312(4), MCA, clarifies that the court may order a rehearing before the arbitrator “if the award is vacated on grounds set forth in subsection (l)(c) ....” (Emphasis added.) In other words, the court must determine the motion to vacate and may order a rehearing in the event it vacates the award. On these bases, I join the Court in concluding that the District Court erred in remanding LRC’s motion to vacate to the arbitrator for decision.
¶23 Having reached that conclusion, however, it is not altogether clear to me whether we should remand this case to the District Court for a decision on LRC’s motion to vacate under § 27-5-312(l)(c), MCA, or whether we properly can address the merits of whether the arbitrator exceeded his powers in the original award and, as a result, whether LRC’s motion to vacate should have been granted. The former may be the more technically correct answer. The Court having proceeded to address the merits of the arbitrator’s amendment of the original award, however, I will do the same and in doing so, respectfully dissent from the Court’s conclusion that the arbitrator did not exceed his powers in the original arbitration award.
¶24 The Court correctly cites JBC of Wyoming Corp. for the principles that an arbitrator’s authority is limited by the bounds of the arbitration agreement and that, when an award extends beyond the con *415 tractual scope of arbitration, a court may vacate the award. Applying those principles to the case before us mandates a conclusion that the original award exceeded the arbitrator’s authority.
¶25 Here, there is no question that Nelson’s claim was being pursued under the WDFEA, §§ 39-2-901, et seq., MCA, and, indeed, the parties’ stipulation and agreement for arbitration expressly states that the submission to arbitration was pursuant to both the WDFEA and the UAA. Under the stipulation and agreement, then, and pursuant to the express terms of § 39-2-914, MCA, the provisions of the WDFEA are incorporated into the arbitration process. In pertinent part, those provisions are that 1) while the arbitration is governed by the UAA, in the event of any conflict between the UAA and the WDFEA, the WDFEA controls; and 2) the arbitrator is bound by the WDFEA. See §§ 39-2-914(2)(b) and (2)(c), MCA.
¶26 Under § 39-2-905, MCA, recovery by an employee who has been wrongfully discharged from employment is limited to lost wages and fringe benefits for a limited period, together with interest thereon. In addition, interim earnings must be deducted from lost wages but, before such deduction, reasonable amounts expended in searching for, obtaining, or relocating to new employment are deducted from the interim earnings. Except for the recovery of punitive damages under delineated circumstances, no other damages for wrongful discharge are available.
¶27 Here, the arbitrator’s original award determined that LRC’s discharge of Nelson was wrongful, and that portion of the award — which went to the merits of Nelson’s claim — has not been questioned or disputed by LRC. The original award then itemized Nelson’s total damages — including out-of-pocket loss, loss of fringe benefits, extra living expenses and loss of base salary — and deducted interim earnings, resulting in a total damage award to Nelson of $94,569.
¶28 LRC’s motion to vacate was premised on the arbitrator having exceeded his powers in awarding two items of damages: 1) expected future costs of maintaining two homes and commuting between them; and 2) attorney fees incurred by Nelson in related unemployment compensation proceedings. According to LRC, these damages were not recoverable under the WDFEA. On remand from the District Court, the arbitrator agreed and so do I. The arbitrator also concluded that, while an arbitrator’s failure to apply the law correctly or his grant of relief which could not be granted by a court is not revers *416 ible under the UAA, the UAA must give way to the specific mandates of the WDFEA in this case. I agree and I respectfully dissent from the Court’s conclusion to the contrary.
¶29 The Court correctly posits that, in the ordinary case, the fact that damages awarded could not have been awarded by a court is not grounds for vacating an arbitration award. See § 27-5-312(2), MCA. It is equally true, however, that that provision is located in the UAA and that § 39-2-914, MCA, and the parties’ stipulation for arbitration, rendered the arbitrator bound by the WDFEA in this case. That is, since the UAA provision that an award cannot be vacated for granting relief which could not have been granted by a court is inconsistent with the provisions of the WDFEA that the arbitrator is bound by the WDFEA and that, in the event of any conflict between the WDFEA and the UAA, the WDFEA applies, the § 39-2-914(2)(c), MCA, provision that the arbitrator is bound by the WDFEA — and, therefore, by its limitations on remedies — governs. As a result, in granting relief in the original award that was not available under the WDFEA, the arbitrator exceeded his powers and LRC was entitled to have the arbitration award vacated.
¶3 0 I would conclude that the arbitrator exceeded his powers in the original arbitration award and that, while the District Court should have vacated the award on that basis rather than remanding to the arbitrator to do so, LRC was entitled to have the original award vacated and judgment entered on the amended award. For those reasons, I would affirm the District Court and I respectfully dissent from the Court’s failure to do so.